WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Algene Louis Brown, | No. CV-15-00510-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Laura Escapule, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), Respondent's Limited Answer to Petition for Writ of Habeas Corpus (Doc. 8), and the Report and Recommendation ("R&R") issued by United States Magistrate Judge John Z. Boyle (Doc. 18). Petitioner raises four grounds for relief in the Petition. (Doc. 1 at 6-9). After a thorough analysis, Judge Boyle determined that the Petition was filed after the statute of limitations period expired, that Petitioner is not entitled to either statutory or equitable tolling, and that Petitioner did not present any new evidence of actual innocence. (Doc. 18 at 5-9). Accordingly, Judge Boyle recommended the Petition be denied and dismissed with prejudice. (*Id.* at 10).

Petitioner filed an Objection to the R&R ("Objection") (Doc. 19) on April 28, 2016.

## I. Background

The Magistrate Judge set forth the full procedural background of this case in the R&R. (Doc. 18 at 2-4). The Court need not repeat that information here. To the extent that Petitioner has not objected to information in the background section, this Court will not review that information. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection").

## II. Analysis

In his Objection, Petitioner first objects to the Magistrate Judge's statement that his two cases, CR 2002-080581 and CR 2004-036553, were tried separately. Petitioner next objects to the Magistrate Judge's conclusion that Petitioner cannot seek habeas relief for CR 2002-080581 because Petitioner is no longer in custody in that matter. Petitioner's remaining objections primarily seem to restate his arguments from his Petition, namely that, in both CR 2002-080581 and CR 2004-036553, he received ineffective assistance of counsel, that he is actually innocent because he was the victim of a sting operation, and that his sentence in CR 2004-036553 was improperly aggravated.

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### A. Factual Objection

Petitioner's only objection to the factual and procedural background appears to be to the Magistrate Judge's statement that "Petitioner's cases proceeded to separate jury trials." (Doc. 18 at 2). Petitioner instead contends that "all matters proceeded

simultaneously as constructively joined." (Doc. 19 at 1). The record, however, shows otherwise. In CR 2002-080581, Petitioner was convicted by a jury on September 23, 2004. (Doc. 8, Ex. E, Ex. F, Ex. G). In CR 2004-036553, Petitioner was tried and convicted on December 13, 2004. (Doc. 8, Ex. K). Although Petitioner was sentenced in both cases on March 4, 2005, he received separate sentences in each case. (Doc. 8, Ex. F, Ex. M). It is unclear what legal conclusion Petitioner asks this Court to reach based on his contention that the cases proceeded as constructively joined. In any event, however, because the cases proceeded separately, the Court overrules Petitioner's apparent factual objection.

**B. Timeliness – Statutory Tolling**

Upon performing its own de novo review, the Court agrees with the Magistrate Judge and finds that the Petition was filed after the statute of limitations period expired. The Antiterrorism and Effective Death Penalty Act of 1996 imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d). The statute provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *see Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was entitled to tolling from the date when the Notice was filed. The district court erred in dismissing his petition as untimely"). Notably, filing a petition for post-conviction relief does not reinitiate a limitations period that ended before the petition was filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Upon performing its own de novo review, the Court agrees with the Magistrate Judge and finds that the Petition was filed after the statute of limitations period expired on both the 2002 and the 2004 cases.

1. CR 2002-080581

In the 2002 case, Petitioner was found guilty on September 23, 2004, and was sentenced on March 4, 2005. He appealed this conviction to the Arizona Court of Appeals, which affirmed, on May 11, 2006. (Doc. 8, Ex. G). Petitioner did not seek review with the Arizona Supreme Court. On July 10, 2006, Petitioner filed a notice of post-conviction relief. (Doc. 8, Ex. H). The trial court dismissed this post-conviction relief proceeding on July 5, 2007, because Petitioner failed to file a petition. (Doc. 8, Ex. I).

Petitioner filed this habeas corpus proceeding on March 20, 2015, approximately nine years after the Court of Appeals 2006 decision affirming the conviction, and approximately eight years after the trial court dismissed Petitioner's post-conviction relief

- 4 -

proceeding. Petitioner did not seek any other form of relief on his 2002 case during that time. Therefore, the one-year limitations period has long since expired.

### 2. CR 2004-036553

In the 2004 case, Petitioner was found guilty on December 13, 2004, and was sentenced on March 4, 2005. (Doc. 8, Ex. K, M). The Arizona Court of Appeals affirmed his convictions and sentences on April 18, 2006. *State v. Brown*, 1 CA-CR 05-0386 (Doc. 1, Ex. ii). Petitioner did not seek review with the Arizona Supreme Court. On May 9, 2006, Petitioner filed a Notice of Post-Conviction Relief. (Doc. 8, Ex. N). On January 3, 2007, Petitioner filed the corresponding Petition for Post-Conviction Relief. (Doc. 8, Ex. P). The trial court dismissed the Petition on May 21, 2007. (Doc. 8, Ex. Q). Petitioner did not seek review with the Arizona Court of Appeals. (Doc. 1 at 5).

On April 18, 2012, approximately five years after the trial court dismissed his 2007 Petition for Post-Conviction Relief, Petitioner filed a second Notice of Post-Conviction Relief. (Doc. 8, Ex. R). The trial court dismissed this second petition on October 31, 2012. (Doc. 1, Ex. A). Petitioner appealed this dismissal to the Arizona Court of Appeals, which denied relief on March 24, 2014. *State v. Brown*, No. 1 CA-CR 13-0029 PRPC, 2014 WL 1232596 (Ariz. Ct. App. 2014).

Petitioner filed this habeas corpus proceeding on March 20, 2015. (Doc. 1). Under 28 U.S.C. § 2244(d), the limitations period begins "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the limitations period]." 28 U.S.C. § 2244(d)(2). In Petitioner's 2004 case, the Arizona Court of Appeals affirmed his convictions and sentences on April 18, 2006. Petitioner then filed a Petition for Post-Conviction Relief, which the trial court denied on May 21, 2007. At that time, Petitioner did not seek any additional review of the trial court's decision. Therefore, the one-year limitations period began to run on May 22, 2007, and expired on

May 22, 2008.

Petitioner's 2012 Notice for Post-Conviction Relief does not revive Petitioner's ability to seek habeas review. Once the one-year limitations period has expired, a petition for state post-conviction does not "reinitiate" the expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). "Gap tolling" also does not apply here to assist Petitioner by relating back the date of the second petition for post-conviction relief to the timely, first petition for post-conviction relief. Gap tolling is available only if a subsequent petition "'simply attempted to correct the deficiencies' in the prior petition"; it is not available if it is a "new round" of efforts seeking post-conviction relief. *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007) (quoting *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003), *abrogated in part on other grounds as recognized in Waldrip v. Hall*, 548 F.3d 729, 733 (9th Cir. 2008)). In other words, for gap tolling to apply, the subsequent petition must be "limited to an elaboration of the facts relating to the claims in the first petition." *King*, 340 F.3d at 823. Here, Petitioner's 2012 Notice of Post-Conviction Relief stated that it was based upon "a significant change in the law that would probably overturn the conviction or sentence." (Doc. 8, Ex. R at 3). In contrast, Petitioner's initial 2007 Petition for Post-Conviction Relief relied upon: (1) "The introduction at trial of an identification obtained in violation of constitutional rights"; (2) "Any other infringement of the right against self-incrimination"; (3) "The denial of the constitutional right to representation by a competent lawyer at every critical stage of the proceeding"; and (4) "The unconstitutional use by the state of perjured testimony." (Doc. 8, Ex. P at 2-3). Because the 2012 Notice of Post-Conviction Relief did not merely elaborate on the facts relating to the claims in the initial 2007 Petition for Post-Conviction Relief, the later Notice of Post-Conviction Relief cannot be considered an attempt to correct the deficiencies in the 2007 Petition. Therefore, gap tolling is not available.

Last, the 2012 Notice of Post-Conviction Relief cannot be considered timely based upon the claimed "significant change in the law that would probably overturn the

conviction or sentence." (Doc. 8, Ex. R at 3). The claimed change in the law was based upon the United States Supreme Court decisions in *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012). (Doc. 8, Ex. R, Attachment A). As recognized by the Arizona Court of Appeals, those cases "are not significant changes in the law as applied in Arizona" because Arizona already "recognized that the right to effective assistance of counsel extends to the plea bargain process and that counsel must adequately communicate all plea offers to the defendant." *State v. Brown*, No. 1 CA-CR 13-0029 PRPC, 2014 WL 1232596 at *1 (Ariz. Ct. App. 2014) (citing *State v. Donald*, 198 Ariz. 406, 413, 10 P.3d 1193, 1200 (Ct. App. 2000)). Accordingly, there was no "newly recognized right" that could restart the one-year limitations period based on 28 U.S.C. § 2244(d)(1)(C).

### C. Timeliness – Equitable Tolling

The Court agrees with Judge Boyle that Petitioner is not entitled to equitable tolling here. The AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 648-49 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" that prevented him from filing a timely petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (internal quotation marks omitted)). Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement. *Waldron-Ramsey* v. *Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule" (citation omitted)). An "external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at 1011 (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner seeking equitable tolling bears the burden of demonstrating it is warranted in his habeas case. *Doe v. Busby*, 661 F.3d 1001, 1011

(9th Cir. 2011).

Petitioner does not claim that extraordinary circumstances prevented him from filing a timely petition. He instead only asserts that the Petition was timely because the 2012 Notice of Post-Conviction Relief was filed within one year of the United States Supreme Court decisions in *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012). (Doc. 19 at 4). Because Petitioner presents no facts that support any claim of "extraordinary circumstances," equitable tolling is not available.

### D. Actual Innocence

Petitioner last asserts a claim of actual innocence to overcome the one-year limitations period. (Doc. 19 at 2). The basis for this claim appears to be his restated claim that the Maricopa County Sheriff's Office conducted "a sting operation" on him. (Doc. 19 at 2).

Under very limited circumstances, a claim of actual innocence allows the court to consider an otherwise untimely habeas corpus petition. *Stewart v. Cate*, 757 F.3d 929, 937-38 (9th Cir. 2014). "When an otherwise time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error,' the Court may consider the petition on the merits." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). To support such a claim, the Petitioner must present "new reliable evidence." *Schlup*, 513 U.S. at 324. Petitioner fails to present such evidence. He instead merely alleges that "confidential informants or undercover drug agents[] made contact" with him and that an "informant actively work[ed] to set up the petitioner." (Doc. 19 at 2). Even if an informant was involved in the initial drug transactions and arrests, Petitioner would still have been able to present evidence at trial regarding what he did or did not do in relation to those drug transactions. Therefore, this allegation cannot constitute "new reliable evidence." Further, any involvement by a confidential informant or undercover drug agent does not actually make Petitioner more innocent of the crimes; "[t]he very premise of the entrapment defense, as understood in

- 8 -

modern cases, is that the defendant committed the crime." *Eaglin v. Welborn*, 57 F.3d 496, 501 (7th Cir. 1995). Therefore, Petitioner's actual innocence claim does not succeed.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 18) is **accepted** and **adopted**. Petitioner's Objections (Doc. 19) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 21st day of May, 2018.

Honorable Diane J. Humetewa
United States District Judge